PeR Curiam.
 

 Pryor sued out a writ against Haslet in the County Court of Robertson, on an action of debt, returnable to May sessions, 1815, and filed a declaration in the usual form, in an action of debt on bond for $1,000. At the same sessions, the defendant not appearing, judgment by default was taken against him, and. a writ of inquiry awarded. At August sessions following (as the record states), the parties appeared by their attorneys, and a jury being sworn to try the issues joined between the parties, found them in favor of the plaintiff, and assessed damages to $1,000, for which sum and costs the court gave judgment. A
 
 certiorari
 
 issued, and the cause was removed into the Circuit Court, at October term, 1815. The petition and affidavit on which the order for a
 
 certiorari
 
 was founded are not stated in the record. At April term, 1816, the cause was continued, because of the absence of the judge. In October term, a jury was impaneled and sworn (as stated in the record) to inquire of the damages which the plaintiff * has sustained by the non-payment of the debt in the declaration mentioned, and assessed the plaintiff’s damages to $1,000, for which sum judgment was entered against the principal and his securities, with interest from the rendition of the judgment of the County Court, and costs. A motion was made for a new trial, and refused, to which a bill of exceptions was filed. The bill of exceptions states that the plaintiff produced two witnesses to prove that the value of the 220 acres of land mentioned in the condition of the bond on which the suit was brought, supposed it to be of the value of $1,000. Other witnesses thought it might be worth $800 or $1,000, or more, but none of them knew the boundaries. This was all the evidence given on the trial. The bill of exceptions further states, that, on the motion for a new trial, the defendant offered his own affidavit and two others. The affidavit of the defendant states that the reason why he suffered judgment by default in the County Court was, that the plaintiff and Crabb, to whom he had sold the land, told him it was unnecessary to defend, as they were willing to receive a deed
 
 *542
 
 for the land. But after judgment they both i'efused to receive a deed ; and, for the purpose of obtaining relief, he removed the cause by certiorari, and, at the trial, was surprised by the introduction of testimony respecting the value of the land, no damages having been suggested on the record. Had his counsel been in court, he would have prayed a continuance; but the connsel had gone to his lodging, and did not know that the jury was about to be sworn. He says the land is not worth more than $600, and that on another trial he can make it appear. One of the other deponents says that, in his estimation, the land is not worth more than between $600 and $700.
 

 Consider, first, of this case as it stood when removed by
 
 cer-tiorari
 
 from the County Court. The action * was debt upon bond, upon which was taken a judgment by default, and an inquiry awarded. At a subsequent term, the jury assessed damages to $1,000, and judgment was entered for $1,000. The writ •was in debt for $1,000. Is there any error here? The act of 1801, ch. 6, § 66, directs that in actions upon bonds with collateral conditions, wherein the plaintiff shall recover, judgment shall be entered for the penalty of such bond, to be discharged by the damages assessed by the jury, and other costs of suit; and execution shall issue accordingly. Here is no direction that there shall be a suggestion of damages. A judgment by default, and inquiry of damages awarded, is intimation to the defendant, as much as the law requires, that there is to be an inquiry as to the value of the thing which that bond was given to secure. The defendant, the obligor, cannot be ignorant of what it is, having made the bond, and, moreover, might have craved oyer of the condition if he did not exactly remember its contents. The judgment ought to have been for the penalty of the bond, to be discharged by the damages. The penalty was equal to the damages, but not to the damages and costs. Still, the costs ought to be paid by the general law on the subject. The only mistake is in entering the judgment, and that can be rectified. How came the cause into the Circuit Court by
 
 certiorari ?
 
 Why did not the defendant appeal ? We know not. Even the cause for obtaining the
 
 certiorari
 
 does not appear otherwise than by the affidavit made for a new trial, after the last trial in the Circuit Court. What- error to the prejudice of the defendant was in the Circuit Court ? Was there any error in proceeding on
 
 *543
 
 the writ of inquiry to assess damages ? None. The defendant did not move to set aside the writ of inquiry either in October, 1815, to which
 
 certiorari
 
 was returned, nor yet in October term, 1816, when the inquiry was made. He took * no steps to have the condition put on the record. Judgment for the damages, instead of the penalty to be discharged by the damages, is only an informality, not affecting the merits of the cause, without which, b.y the act of 1809, ch. 126, § 10 ; ch. 49, § 21, judgment ought not to be annulled.
 

 Was there any error in refusing, a new inquiry, upon, the affidavits made in the Circuit Court to obtain one ? He sets forth the reason why he did not defend in the County Court. The plaintiff, he says, promised to take the land, and afterwards refused. He knew, when he obtained the certiorari, that the damages were for the land. From that time, August, 1815, to October, 1816, be knew the meaning of the inquiry of damages awarded, and could not be ignorant of the proof proper for him to adduce. He intended in October to have a suggestion entered, or have time to plead; but his attorney and himself were absent when the inquiry was made and the damages assessed. That is no reason why his application should be attended to. As to the evidence he could have adduced, why did he not adduce it ? He had time to procure it from August, 1815, to October, 1816. He did not say he did not discover it till after the last inquiry. Besides, his single affidavit of a recent discovery should not be received, unless accompanied by the testimony of others to show what can now be proved, which must be material, and also to show that it was not discovered in time to be used on the trial. It is of dangerous consequence to receive the affidavit of the party, uncorroborated either as to the recency of the discovery or the materiality of the testimony. The Circuit Court acted correctly in not granting a new trial. The judgment of that court is substantially correct throughout.
 

 Let judgment now be entered for the penalty of the bond, to be discharged by the damages assessed, and also for the costs of the County and Superior Courts, and the defendant is now to pay the costs of this court.
 

 See, as to
 
 damages in judgment on bonds, Overall
 
 v.
 
 Brabson,
 
 2 Yer. 71;
 
 Cherry
 
 v.
 
 Mann,
 
 Cooke, 268. As to
 
 affidavit of party alone in motions for new trial, Hammonds
 
 v.
 
 Kemer,
 
 3 Hay. 145, and note
 
 sub fin.
 
 See King’s Digest, 1651, 9354.